WILLIAM ENGLISH, for plaintiffs in error.

JOSEPH R. BURRES, for defendant in error; EDWARD H. ROSENBERG, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

LANDLORD AND TENANT, § 279*—*when tenant is not warranted in vacating premises because of failure of landlord to properly heat.* Even though a lease did contain a provision whereby the lessor of an apartment was bound to furnish heat for the premises, the lessee was not warranted in vacating them where the only complaints made were relative to the heating during the previous winter and he had continued in possession and paid rent until the next succeeding October.

---

Daniel N. Peirce, trading as The Sales Information Bureau, Appellee, v. C. H. Morgan Grocery Company, Appellant.

### Gen. No. 23,049.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in this court at the March term, 1917. Reversed and judgment here. Opinion filed July 2, 1917. Rehearing denied July 16, 1917.

### Statement of the Case.

Action by Daniel N. Peirce, trading as The Sales Information Bureau, plaintiff, against C. H. Morgan Grocery Company, a corporation, defendant, to recover on a yearly contract for the supplying by plaintiff to defendant of the names of new residents within a cer-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tain district. From a judgment for plaintiff for $92, defendant appeals.

WINSTON & LOWY, for appellant.

HARRIS F. WILLIAMS, for appellee; LLOYD D. HETH, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1.   CONTRACTS, § 215*—*what construction given contract to supply grocery company with names of new residents.* A contract for the supplying of a grocery company with the names of new residents within certain districts in a city must be construed as requiring the use of reasonable efforts to deliver the names of all new residents within the designated districts.

2.   WITNESSES, § 224*—*what is proper cross-examination of plaintiff in action to recover on contract for supplying names of new residents.* In an action to recover on a contract for the supplying by plaintiff to defendant, a grocery company, the names of all new residents within designated districts in a city, it is proper for defendant to elicit, by cross-examination of plaintiff, information as to what he did by way of procuring the names of new residents, as to his system of doing work, and as to whether he in fact knew any new residents had moved into the districts, for the purpose of determining whether plaintiff had in fact complied with the terms of the contract.

3.   CONTRACTS, § 387*—*when evidence insufficient to show performance of contract for supplying names of new residents.* In an action to recover on a contract for the supplying by plaintiff to defendant, a grocery company, the names of new residents within designated districts in a city, where it appeared that the information sent to plaintiff was derived solely from lists of new telephone subscribers, evidence *held* insufficient to show performance of the services required by the contract.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.